UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH ROBERT KENNEDY,<br>    *Plaintiff*,<br><br>    *vs.*<br><br>UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>    *Defendant.* | )<br>)<br>)<br>)    1:14-cv-00374-JMS-MJD<br>)<br>)<br>)<br>) |

**ORDER**

Plaintiff Joseph Kennedy, proceeding pro se, filed this suit against Defendant Equal Employment Opportunity Commission ("EEOC") pursuant to the Freedom of Information Act ("FOIA"), asking this Court to review whether the EEOC complied with FOIA in response to Mr. Kennedy's request for all documents in the agency's possession related to a Charge of Discrimination he had filed. [Filing No. 1.] Presently pending before the Court are Mr. Kennedy's Motion for Summary Judgment and the EEOC's Cross Motion for Summary Judgment. [Filing No. 20; Filing No. 22.] For the reasons explained, the Court **DENIES** Mr. Kennedy's Motion for Summary Judgment, [Filing No. 20], and **GRANTS** the EEOC's Cross Motion for Summary Judgment, [Filing No. 22].

**I.**
**STANDARD OF REVIEW**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the

asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Hampton v. Ford Motor Co.*, 561 F.3d 709, 713 (7th Cir. 2009). In other words, while there may be facts that are in dispute, summary judgment is appropriate if those facts are not outcome determinative. *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 525 (7th Cir. 2005). Fact disputes that are irrelevant to the legal question will not be considered. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Johnson v. Cambridge Indus.*, 325 F.3d 892, 901 (7th Cir. 2003). The moving party is entitled to summary judgment if no reasonable factfinder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary

judgment because those tasks are left to the fact-finder. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them," *Johnson*, 325 F.3d at 898. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010).

The fact that cross-motions for summary judgment have been filed does not automatically mean that all questions of material fact have been resolved. *Franklin v. City of Evanston*, 384 F.3d 838, 842 (7th Cir. 2004). The Court must evaluate each motion independently, making all reasonable inferences in favor of the non-moving party with respect to each motion. *Id.* at 843.

## II.
### BACKGROUND

The Court draws the following factual background from the undisputed evidence submitted by the parties. On September 25, 2013, Mr. Kennedy filed a Charge of Discrimination with the EEOC alleging that his former employer, Stericycle, discriminated against him due to his disability and illegally retaliated against him for voicing concerns over Stericycle's regulatory compliance. [Filing No. 1-1 at 2.] The EEOC informed Stericycle of Mr. Kennedy's Charge of Discrimination on September 30, 2013; however, the EEOC did not require Stericycle to take any action in response to Mr. Kennedy's allegations. [Filing No. 1-7 at 2.] On November 18, 2013, the EEOC determined that Mr. Kennedy's Charge of Discrimination was not timely submitted and was therefore dismissed. [Filing No. 1-2 at 2.]

On December 9, 2013, Mr. Kennedy filed a FOIA request with the EEOC, seeking "any and all records pertaining to [his] EEOC Charge." [Filing No. 1-3 at 2.] The EEOC granted in

part and denied in part Mr. Kennedy's FOIA request. [Filing No. 1-4 at 2-4.] Mr. Kennedy appealed the EEOC's decision on January 15, 2014. [Filing No. 1-5 at 2.] The EEOC affirmed in part and reversed in part its earlier decision. [Filing No. 1-6 at 2.] Specifically, the EEOC determined that Mr. Kennedy was entitled to all of his file except that FOIA Exemption 5 permitted the following three items to be redacted from the documents: (1) the EEOC Investigator's rationale for recommending the closure of Mr. Kennedy's case contained in the document entitled "Recommendation for Closure"; (2) the processing category code found in the document entitled "Charge Detail Inquiry"; and (3) the preliminary code found in the document entitled "Case Log." [Filing No. 1-6 at 5; Filing No. 22-2 at 2.]

Mr. Kennedy filed the instant case challenging the EEOC's FOIA decision on March 3, 2014. [Filing No. 1.] He alleges that the EEOC wrongfully withheld documents, which, according to Mr. Kennedy, contain comments made by Stericycle to the EEOC during the EEOC's investigation of his Charge of Discrimination, and that the redactions in the documents the EEOC provided him were improper. [Filing No. 1 at 2-4.] The parties' cross motions for summary judgment are now before the Court.

### III.
#### DISCUSSION

Mr. Kennedy's one-page Motion for Summary Judgment asks the Court to enter judgment in his favor based "on the arguments, rationale, and evidence made within [his] initial complaint, as well as the arguments and rationale made with his accompanying responses." [Filing No. 20 at 1.] The EEOC, on the other hand, maintains that it is entitled to summary judgment on Mr. Kennedy's claims that it wrongfully redacted portions of the documents it turned over to him and that it failed to turn over all of the requested documents. [Filing No. 23 at 5-12.] The Court will address each of the two alleged FOIA violations in turn.

### A. The EEOC's Redactions

The Court turns first to whether the three redactions made by the EEOC to the documents it turned over to Mr. Kennedy were appropriate. The EEOC contends that the material was properly redacted under FOIA Exemption 5, which shields from disclosure agency communications reflecting the agency's deliberative process. [Filing No. 23 at 6-11.] Mr. Kennedy responds that Exemption 5 does not apply because, among other reasons, the privilege does not apply to "purely factual, investigative matters" and the redacted information is "significant" to him. [Filing No. 31 at 4-6; Filing No. 31 at 10.]

"FOIA requires government agencies to disclose their records to the public."[1] *Appleton Papers, Inc. v. U.S. E.P.A.*, 702 F.3d 1018, 1022 (7th Cir. 2012); *see* 5 U.S.C. § 552(a), (b). "Disclosure is required unless the requested record is clearly exempted from disclosure by the statute." *Enviro Tech Int'l, Inc. v. U.S. E.P.A.*, 371 F.3d 370, 374 (7th Cir. 2004) (citing *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 136 (1975)). The agency invoking an exemption from disclosure "bears the burden of proving that the documents it has withheld are exempt." *Becker v. I.R.S.*, 34 F.3d 398, 402 (7th Cir. 1994).

At issue in this case is "Exemption 5," which exempts from disclosure communications that are "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). "[I]f a private litigant could not obtain certain records from the agency in discovery, Exemption 5 relieves the agency of the obligation to produce those documents to a member of the public." *Enviro Tech,*

---

[1] For many of the EEOC's key arguments, it relies almost exclusively on out-of-circuit precedent. [*See, e.g.*, Filing No. 23 at 6-8.] Although this is not impermissible, when, as here, there is relevant Seventh Circuit precedent, the EEOC is encouraged to at least cite controlling precedent along with any out-of-circuit authorities it deems helpful.

371 F.3d at 374. Therefore, the civil discovery rules "inform the inquiry into what may or may not be withheld pursuant to Exemption 5." *Id.* "One such rule that Exemption 5 does incorporate is that documents reflecting the deliberative or policy-making processes of governmental agencies are privileged from disclosure." *Id.*

Simply put, Exemption 5's "deliberative process privilege protects communications that are part of the decision-making process of a governmental agency." *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993). The privilege "does not justify the withholding of purely factual material, nor of documents reflecting an agency's final policy decisions, but it does apply to pre-decisional policy discussions, and to factual matters inextricably intertwined with such discussions." *Enviro Tech*, 371 F.3d at 374-75. "[I]n order to qualify for the privilege, a document must be both [1] predecisional in the sense that it is actually antecedent to the adoption of an agency policy, and [2] deliberative in the sense that it is actually . . . related to the process by which policies are formulated." *Id.* at 375 (citations, quotation marks, and alterations omitted); *see Becker*, 34 F.3d at 403 ("[F]or the privilege to apply, the document must be 'pre-decisional' and 'deliberative.'").

As stated above, the EEOC redacted three pieces of information from the documents it provided to Mr. Kennedy: (1) the EEOC Investigator's rationale for recommending the closure of Mr. Kennedy's case, [Filing No. 22-2 at 9]; (2) the processing category code in the Charge Detail Inquiry, [Filing No. 22-2 at 10]; and (3) the preliminary code in the Case Log, [Filing No. 22-2 at 12]. The EEOC submitted a sworn declaration from the EEOC Assistant Legal Counsel, which sets forth why each of the redactions is covered by the deliberative process privilege. [*See* Filing No. 22-2.] Specifically, the EEOC redacted two lines from the Recommendation for Closure be-

cause they contain "the [EEOC] Investigator's analysis of the charge and her reasons for her recommended disposition," and redacted EEOC codes on the Charge Detail Inquiry and Case Log that "indicate whether the Investigator believes additional process is necessary" and "the Investigator's initial assessment as to the viability of the charge."[2] [Filing No. 22-2 at 2-3.]

Based on the EEOC's declaration, the Court agrees that the redactions were proper pursuant to Exemption 5. First, the undisputed evidence shows that the redacted information was "pre-decisional," *Enviro Tech*, 371 F.3d at 375, in that the Investigator provided the recommendation and assessments prior to the EEOC's final decision, [Filing No. 22-2 at 2; Filing No. 22-2 at 9-12]. Second, the redactions prevent disclosure of information that is "deliberative." *Enviro Tech*, 371 F.3d at 375. The Investigator's initial assessment of Mr. Kennedy's Charge of Discrimination and the EEOC codes that convey that assessment to the Investigator's supervisor are undisputedly related to the process by which the EEOC reached a final decision on how Mr. Kennedy's Charge of Discrimination should be resolved. *Id.* (citations, quotation marks, and alterations omitted). This type of information is precisely the type of deliberative information that Exemption 5 covers in that the information constitutes "communications that are part of the decision-making process of a government agency."[3] *Farley*, 11 F.3d at 1389.

---

[2] The EEOC did not submit unredacted versions of the documents for the Court to consider. However, "[a] court need not review documents withheld under FOIA exemptions if the withholding agency provides sufficiently detailed affidavits describing what documents were withheld and explaining why they fit a cited exemption." *Shoemaker v. U.S. Dep't of Justice*, 121 Fed. Appx. 127, 128 (7th Cir. 2004). The Court concludes that the affidavits submitted by the EEOC are sufficiently detailed for the Court to assess the applicability of the invoked exemption.

[3] Mr. Kennedy argues that Exemption 5 does not cover purely factual matters. [Filing No. 31 at 4-6.] He is correct. *See Enviro Tech*, 371 F.3d at 374-75. However, the undisputed evidence shows that the EEOC did not redact material that was purely factual; instead, it redacted what were essentially recommendations from the EEOC Investigator to the EEOC supervisor regarding how to dispose of Mr. Kennedy's case. Such recommendations cannot be described as purely factual information.

The Court notes that many cases analyzing whether the deliberative process privilege applies involve communications "related to the process by which *policies* are formulated." *Enviro Tech*, 371 F.3d at 375 (emphasis added); *see, e.g.*, *id.* (assessing whether Exemption 5 applies to documents of the Environmental Protection Agency regarding a new rule proposed by the agency). But the Seventh Circuit has also found the privilege applicable in situations analogous to the instant case, where the deliberative communications relate not to the creation of an agency policy, but to how an agency should make a decision in a particular case. *See Farley*, 11 F.3d at 1389 (holding that "staff memoranda to senior agency officials with recommendations, legal interpretations and drafts of litigation documents, [were] clearly part of the [the agency's] deliberations on [an individual case] and therefore exempt from production" pursuant to Exemption 5); *id.* (stating that "since the documents [at issue] reflect an agency's preliminary positions about how to exercise discretion on a policy," and that they "were clearly part of the [agency's] deliberative process leading to the decision to sue," they fall within the deliberative process privilege). Therefore, the deliberative process privilege is applicable in the instant case.

In sum, the Court concludes that the deliberative process privilege of Exemption 5 applies to the three redactions made by the EEOC on the documents turned over to Mr. Kennedy because the redacted materials are both "pre-decisional" and "deliberative." *See Becker*, 34 F.3d at 403;

*Enviro Tech*, 371 F.3d at 375. The EEOC is therefore entitled to summary judgment on Mr. Kennedy's FOIA claims regarding these redactions.[4]

### B. Whether the EEOC Failed to Produce Additional Relevant Documents

Mr. Kennedy claims that the EEOC did not produce all of the relevant documents in response to his FOIA request. [Filing No. 1 at 3-5.] Indeed, Mr. Kennedy requests this Court to Order the EEOC to produce all communications in the EEOC's possession by his former employer Stericycle and by other governmental agencies. [Filing No. 1 at 4.]

The EEOC contends that it is entitled to summary judgment because it has submitted undisputed evidence that, other than the above discussed redactions, "no other information or documents were withheld in response to [Mr. Kennedy's] FOIA request." [Filing No. 22-2 at 3; *see* Filing No. 23 at 12.] Furthermore, the EEOC contends that it never communicated with Stericycle other than to inform it of Mr. Kennedy's Charge of Discrimination, and when the EEOC did so, it explicitly stated to Stericycle that no response was needed. [Filing No. 23 at 11-12 (citing Filing No. 22-4).]

Mr. Kennedy replies that a discrepancy in the dates on his EEOC documents shows that he did not receive all of the requested documentation. [Filing No. 31 at 8-9.] Specifically, Mr. Kennedy points out that he stated in his Charge of Discrimination that the discriminatory conduct

---

[4] The Court recognizes that "[t]he deliberative process privilege may be overcome where there is a sufficient showing of a particularized need to outweigh the reasons for confidentiality." *Farley*, 11 F.3d at 1389. The closest Mr. Kennedy comes to attempting such a showing is by arguing that his need for the unredacted documents is "significant." [*See, e.g.*, Filing No. 31 at 5; Filing No. 31 at 10.] But the Court disagrees. The EEOC dismissed his Charge of Discrimination because it was not timely filed. [Filing No. 1-2 at 2.] Regardless of what the two-line redacted statement of the Investigator and the two redacted EEOC Codes reveal, Mr. Kennedy can easily challenge the ultimate decision of the EEOC without that information by simply providing evidence that his Charge of Discrimination was timely filed. The redacted EEOC deliberative information will not assist him in this challenge, and even if it did, he has not shown how any assistance it would provide "outweigh[s] the reasons for confidentiality." *Farley*, 11 F.3d at 1389.

occurred on July 31, 2012, but the Notice of Discrimination that the EEOC sent to Stericycle says that the alleged conduct occurred on July 31, 2013. [Filing No. 31 at 8 (citing Filing No. 22-3; Filing No. 22-4).] Furthermore, Mr. Kennedy contends that, "in all likelihood," the incorrect date was provided to the EEOC by Stericycle, which also demonstrates that the EEOC communicated with Stericycle and those communications were not disclosed to him. [Filing No. 31 at 9.]

The EEOC responds that the year discrepancy to which Mr. Kennedy points is clearly the result of a typographical error, as it is undisputed that Mr. Kennedy left Stericycle on July 31, 2012. [Filing No. 32 at 4.] In any event, says the EEOC, the discrepancy is not evidence that the EEOC had additional communications with Stericycle, as Mr. Kennedy contends. [Filing No. 32 at 5.]

The undisputed evidence submitted by the EEOC demonstrates that it provided Mr. Kennedy with all of the documents related to his Charge of Discrimination, and, moreover, that the EEOC never communicated with Stericycle other than to inform it of Mr. Kennedy's Charge of Discrimination. Specifically, sworn affidavits submitted by EEOC employees state that the entire contents of Mr. Kennedy's EEOC Charge File were provided to him, [Filing No. 22-1 at 2], and that other than the redacted portions of the documents provided to Mr. Kennedy, "no other information or documents were withheld in response to Plaintiff's FOIA request," [Filing No. 22-2 at 3].

The Seventh Circuit has held that government affidavits, such as the ones provided by the EEOC here, "[are] sufficient to sustain claims of document exemption." *Matter of Wade*, 969 F.2d 241, 246 (7th Cir. 1992). Indeed, such affidavits are sufficient "unless there is evidence to contradict them or to show that they were made in bad faith," and barring such evidence, the Court need not even review the withheld documents. *Shoemaker*, 121 Fed. Appx. at 128.

The presumption given to the government's invocation of an exemption in a sworn affidavit equally applies to the government's sworn assertion that it turned over all the relevant documents. *See* Becker, 34 F.3d at 406 ("The agency may rely on reasonably detailed nonconclusory affidavits submitted in good faith to support their claims of compliance [with a FOIA request].") (citation omitted); *cf.* Silets v. U.S. Dep't of Justice, 945 F.2d 227, 230 (7th Cir. 1991) (en banc) ("[W]ithout [evidence of bad faith] the court should not question the veracity of agency submissions."). And to rebut these assertions, Mr. Kennedy offers mere assertions that other documents exist and speculative claims that the erroneous date on the EEOC's notice to Stericycle came from communications with Stericycle that were not provided to him.[5] [Filing No. 31 at 8-9.] But "[s]elf-serving assertions of government wrongdoing and coverup" are insufficient to undermine the "veracity of the government's submissions." Matter of Wade, 969 F.2d at 246 (alteration in original) (citation omitted); *see* Silets, 945 F.2d at 230 ("[T]he mere allegation of bad faith does not undermine the sufficiency of agency submissions.") (quoting Carter v. U.S. Dep't of Commerce, 830 F.2d 388, 393 (D.C. Cir. 1987)). In sum, Mr. Kennedy does not present any evidence of bad faith on the EEOC's part, or evidence from which a reasonable jury could conclude that there are documents in the EEOC's possession that it should have but did not turn over to Mr. Kennedy. Ac-

---

[5] In support of his position, Mr. Kennedy also points the Court to the EEOC's Charge Detail Inquiry, which states that Mr. Kennedy's former employer sued him for $10,000 in state court. [Filing No. 31 at 15.] Mr. Kennedy attests in an affidavit that he was unaware of this amount, and thus "could only determine that . . . the EEOC must have had some sort of communication with [Stericycle]." [Filing No. 31-2 at 2.] But again, Mr. Kennedy's conclusion that the $10,000 figure was obtained by the EEOC from Stericycle is mere speculation; it is not a fact about which he has personal knowledge that he can use to create a genuine issue of fact or otherwise show bad faith on the EEOC's part. *See* Silets, 945 F.2d at 230.

cordingly, the EEOC is entitled to summary judgment on Mr. Kennedy's FOIA claim that it impermissibly withheld documents from him, and Mr. Kennedy's Motion for Summary Judgment must be denied.

## IV.
### CONCLUSION

For the reasons explained herein, Mr. Kennedy's Motion for Summary Judgment is **DENIED**, [Filing No. 20], and the EEOC's Cross Motion for Summary Judgment is **GRANTED**, [Filing No. 22]. Final Judgment shall issue accordingly.

September 29, 2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via U.S. Mail to:**

Joseph Robert Kennedy
6724 Colville Place
Indianapolis, IN 46236

**Distribution via ECF only to all counsel of record**